```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

ISAAC MIKE ABERGEL,

                Plaintiff,

          -against-

EQUIFAX, INC.,

                Defendant.

19-CV-5678 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

    Plaintiff, appearing *pro se*, brings this action alleging that Defendants violated his rights. By order dated July 10, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. For the reasons set forth below, the Court dismisses this action.

## STANDARD OF REVIEW

    The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

**BACKGROUND**

Plaintiff Isaac Mike Abergel, who resides in Brooklyn, New York,[1] brings this complaint using a form complaint for a civil case, available from the www.uscourts.gov website. He does not indicate the basis for federal court jurisdiction, nor does he list specific federal statutes, federal treaties, or provisions of the United States Constitution that are at issue in this case. His recital of his citizenship in New York, the Defendant's in Georgia, and the amount in controversy as over $75,000 may be taken as invoking this Court's diversity jurisdiction.

Plaintiff alleges simply "Data Breach," and seeks "over $80,000,000 in monetary damages." (Compl. at 5).

**DISCUSSION**

**A.  Rule 8 Pleading Requirements**

Although *pro se* litigants enjoy the Court's "special solicitude," *Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994) (per curiam), their pleadings must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Id.* (citing *Twombly*, 550 U.S. at 555). But the Court need not accept "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). As set forth in *Iqbal*:

---

[1] Brooklyn is located in Kings County, which falls within the Eastern District of New York. *See* 28 U.S.C. § 112(c).

2

> [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Id.* (internal citations, quotation marks, and alteration omitted). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible − not merely possible − that the pleader is entitled to relief. *Id.*

Second Circuit precedent is clear that "[a] *pro se* complaint should not [be] dismiss[ed] without [the Court's] granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks omitted)).

Plaintiff does not describe any events that may give rise to a claim. Plaintiff's complaint therefore fails to show that he is entitled to relief.

The Court dismisses the complaint for failure to state a claim, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), without prejudice to Plaintiff's filing a new action in this Court if he wishes to have this Court address any claim that his rights were violated in this district.[2]

---

[2] Under the general venue provision, a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

**B.     Litigation History**

Beginning June 18, 2019, Plaintiff has filed 40 other cases in this Court. *See Abergel v. Facebook, Inc.*, No. 19-CV-6474 (UA) (filed July 9, 2019); *Abergel v. California*, No. 19-CV-6417 (UA) (filed July 9, 2019); *Abergel v. NewPort Pleasure*, No. 19-CV-6416 (UA) (filed July 9, 2019); *Abergel v. Midwest Recovery Sys., LLC*, 19-CV-6145 (UA) (filed July 9, 2019); *Abergel v. Stig, Inc.*, No. 19-CV-6414 (UA) (filed July 9, 2019); *Abergel v. California Franchise Tax Bd.*, No. 19-CV-6413 (UA) (filed July 9, 2019); *Abergel v. Experian*, No. 19-CV-6412 (UA) (S.D.N.Y. July 9, 2019); *Abergel v. Diversified Consultants, Inc.*, No. 19-CV-6411 (UA) (filed July 9, 2019); *Abergel v. Sprint Corp.*, No. 19-CV-6410 (UA) (filed July 9, 2019); *Abergel v. Red Bull N. Am.*, No. 19-CV-6409 (UA) (filed July 9, 2019); *Abergel v. New York*, No. 19-CV-6408 (UA) (filed July 9, 2019); *Abergel v. Rockstar, Inc.*, No. 19-CV-6407 (UA) (filed July 9, 2019); *Abergel v. Apple, Inc.*, No. 19-CV-6406 (UA) (filed July 9, 2019); *Abergel v. Monster Beverage Corp.*, No. 19-CV-6405 (UA) (filed July 9, 2019); *Abergel v. Experian*, No. 19-CV-6404 (UA) (filed July 9, 2019); *Abergel v. TransUnion*, No. 19-CV-6403 (UA) (filed July 9, 2019); *Abergel v. Bolthouse Juice Prod., LLC*, No. 19-CV-6402 (UA) (filed July 9, 2019); *Abergel v. Miamonides Hosp.*, No. 19-CV-6401 (UA) (filed July 9, 2019); *Abergel v. Equifax*, No. 19-CV-6400 (UA) (filed July 9, 2019); *Abergel v. New York*, No. 19-CV-6399 (UA) (filed July 9, 2019); *Abergel v. Verizon*, No. 19-CV-6398 (UA) (filed July 9, 2019); *Abergel v. Soc. Sec. Admin.*, No. 19-CV-6340 (UA) (filed July 8, 2019); *Abergel v. Atlas Recovery Sober Living*, No. 19-CV-6339 (UA) (filed July 8, 2019); *Abergel v. Juul Labs, Inc.*, No. 19-CV-6337 (UA) (filed July 8, 2019); *Abergel v. PAX Labs, Inc.*, No. 19-CV-6336 (UA) (filed July 8, 2019); *Abergel v. Energy Beverages, LLC*, No. 19-CV-6335 (UA) (filed July 8, 2019); *Abergel v. Prof'l Claims Bureau*, No. 19-CV-6334 (UA) (filed July 8, 2019); *Abergel v. The Money Store*, No. 19-CV-6285 (UA) (filed July 2, 2019); *Abergel v. Yahoo! Inc.*, No. 19-CV-6281 (UA) (filed July 7,

2019); *Abergel v. New York Lottery*, No. 19-CV-6088 (CM) (filed June 28, 2019); *Abergel v. Resorts World Casino*, No. 19-CV-6040 (CM) (filed June 27, 2019); *Abergel v. Midland Credit Mgmt, Inc.*, No. 19-CV-6039 (UA) (filed June 26, 2019); *Abergel v. Zip Recruiter*, No. 19-CV-5936 (CM) (filed June 25, 2019); *Abergel v. Fundomate LLC*, No. 19-CV-5884 (CM)( filed June 20, 2019); *Abergel v. Toyota Motor Sales, U.S.A., Inc.*, No. 19-CV-5883 (CM) (filed June 20, 2019); *Abergel v. Dover Downs Hotel & Casino*, No. 19-CV-5765 (CM) (S.D.N.Y. June 24, 2019) (transferring case to the United States District Court for the District of Delaware); *Abergel v. Gracie Square Hosp.*, No. 19-CV-5689 (CM) (filed June 18, 2019): *Abergel v. Janssen Pharm., Inc.*, No. 19-CV-5681 (CM) (filed June 18, 2019); *Abergel v. New York State Gaming Comm'n*, No. 19-CV-5680 (LLS) (S.D.N.Y. July 12, 2019) (dismissing complaint for lack of subject matter jurisdiction); *Abergel v. Vital Pharm, Inc.*, No. 19-CV-5679 (CM) (filed June 18, 2019).

Plaintiff is warned that the Court may bar any vexatious litigant (including a nonprisoner) from filing future actions (even if the filing fee is paid) without first obtaining leave from the Court. *See In re Martin-Trigona*, 9 F.3d 226, 227-30 (2d Cir. 1993) (discussing sanctions courts may impose on vexatious litigants, including "leave of court" requirement).

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed without prejudice for failure to state a claim for relief. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Court grants Plaintiff leave to file a new complaint that complies with the standards set forth above. Any new action must be accompanied by the $400.00 filing fees or a completed and signed IFP application from Plaintiff.

5

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: July 12, 2019
        New York, New York

*Louis L. Stanton*
Louis L. Stanton
U.S.D.J.